IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-30878 |
| Matthew Lee Choate and | § | |
| Madison Sue Rogge | § | Chapter 7 |
| | § | |
| Debtor(s) | § | |

**EXPEDITED MOTION TO REOPEN CHAPTER 7 CASE TO EXTEND THE TIME ALLOWED FOR DEBTORS TO FILE A REAFFIRMATION AGREEMENT**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days (on or before July 12, 2024) of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

*Expedited relief* has been requested. If the Court considers the motion on an expedited basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the expedited consideration is not warranted, you should file an immediate response.

TO THE HONORABLE JUDGE OF SAID COURT:

Debtors, by and through their counsel of record, Amy B. Ames, move this court for an order reopening their Chapter 7 bankruptcy case, identified as case number 24-30878, pursuant 11 U.S. Code § 105(a), Rule 5010, and 11 U.S. Code § 350(b), for the limited purpose of filing a reaffirmation agreement.

1.  This Motion is filed by the Debtor pursuant to 11 U.S. Code § 105(a). Section 105(a) states in pertinent part that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Thus, this Court has the power to re-open the Debtors' Chapter 7 Bankruptcy case.

2. Additionally, 11 U.S. Code § 350(b) provides in pertinent part that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

3. This Motion seeks expedited relief to reopen the case in order to file a reaffirmation agreement for Debtor's home mortgage Idaho Housing & Finance Association (the "Creditor").

4. In past years, counsel for the Debtor typically has not recommended entering into a reaffirmation agreement on a home mortgage. The deed of trust lien was not terminated by entry of the discharge order in a bankruptcy case.

5. However, due to the extenuating circumstances in this case and at the request of the Joint Debtor, Madison Rogge, counsel for the Debtors requested the reaffirmation agreement with the Creditor.

6. Madison Rogge entered into the mortgage with the Creditor in the original loan amount of $191,468.00. According to the terms of the reaffirmation agreement, the balance due after the reaffirmation was $178,527.69 payable at the rate of 3.25% interest per annum. The monthly principal and interest payments were $833.28. This amount did not include the additional escrow payment, currently in the amount of $987.72.

7. The mortgage was secured by a first lien deed of trust against the homestead of the Debtors located at 4502 Jamaica Lane, Pasadena, Texas 77505 (the "Property" or "Homestead"). The Debtors and the Creditor agreed that the current market value of the Property was $249,000.00. Madison Rogge owned significant equity in her homestead.

8. On or about February 29, 2024, Debtors filed a voluntary petition for bankruptcy relief under chapter 7 of the Bankruptcy Code in Case No. 24-30878. Dkt. 1.

9. On May 15, 2024, Joint Debtor, Madison Rogge, and Debtor's Counsel, Amy Ames, signed the Reaffirmation Agreement with the Creditor that was prepared by National Bankruptcy Services, LLC. A true and correct copy of the Reaffirmation Agreement signed by the Joint Debtor and Debtor's Counsel is attached hereto as <u>Exhibit 1</u> and incorporated by reference herein.

10. Debtor's Counsel emailed and faxed the Reaffirmation Agreement to National Bankruptcy Services, LLC to Consumer7@nationalbankruptcy.com and to (214) 550-4033 Fax. Debtor's Counsel requested that the Creditor sign the Reaffirmation Agreement and file the agreement with the Court.

11. However, the Creditor and National Bankruptcy Services, LLC, did not file the Reaffirmation Agreement with the Court prior to the Court's entry of a discharge order and a final decree closing the case on June 6, 2024. Dkt. Nos. 25 & 26.

12. Debtor's Counsel and the Joint Debtor subsequently contacted National Bankruptcy Services, LLC, but the representative indicated that the Creditor required that the

notation added by Debtor's Counsel referencing the additional escrow payment be removed. Debtor's Counsel was out of town from June 3 through June 6, 2024, for her son's college orientation and did not receive the communication prior to entry of the discharge order.

13. Over two and one-half weeks passed from the date that the Joint Debtor signed the reaffirmation agreement and sent the same to the Creditor's representative and the date of entry of the Court's discharge order.

14. Although the Joint Debtor may continue to make her mortgage payments and the Creditor will retain its lien against the Property, the Creditor will remove all online privileges to the mortgage account. Upon information and belief, Debtor will not be able to make online payments or monitor the status of her long-term debt. Furthermore, the Creditor will not report the payment history to the credit bureau. This will make it very difficult for the Debtor to keep track of her mortgage payments, verify that payments have been properly applied, or track any alleged late payments.

15. Courts have varying opinions about reopening cases in order to file a reaffirmation agreements, but in limited and special circumstances, Court have granted such relief. Some courts will reopen cases when evidence demonstrates that the reaffirmation agreement was signed prior to entry of the discharge order. In this case, the Creditor's representative prepared but did not sign the Reaffirmation Agreement, but the Joint Debtor and Debtors' Counsel signed the Reaffirmation Agreement well in advance of entry of the discharge order.

16. The anticipated harm to the Debtors and their property warrants expedited consideration of this Motion and granting relief to reopen this case for a a limited period of time to allow the parties to file the Reaffirmation Agreement between the Joint Debtor and the Creditor. Debtor's Counsel anticipates that only a minor revision is required and that the Reaffirmation Agreement would be filed in an expeditious manner with the Court.

17. Allowing the Debtors in the instant case to reopen their Chapter 7 bankruptcy case will accord necessary relief to the Debtors.

18. Due to these extenuating and special circumstances, the Debtor requests entry of an order to reopen and extend the time allowed for the Debtor to file a reaffirmation agreement.

WHEREFORE, PREMISES CONSIDERED, Debtors pray for entry of an order of this Court granting the relief requested herein.

Date: June 18, 2024

        Respectfully submitted,

        Resolve Law Group,
        a registered dba of The Price Law Group, A.P.C.

        By:    /s/ Amy B. Ames
                Amy B. Ames
                TX Bar No. 24025243
                801 Travis Street, Suite 2101
                Houston, TX 77002
                (737) 256-7377
                amy@resolvelawgroup.com

        Attorney for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 19, 2024, the foregoing Motion will be served to all parties receiving electronic notices in the above-referenced case and by regular, first class, U.S. mail, postage prepaid, to each party on the attached creditor matrix.

        /s/ Amy B. Ames
        Amy B. Ames

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 24-30878 |
| Matthew Lee Choate and | § | |
| Madison Sue Rogge | § | Chapter 7 |
| | § § | |
| Debtor(s) | § | |

**VERIFICATION IN SUPPORT OF
DEBTORS' MOTION TO REOPEN CHAPTER 7 CASE TO EXTEND THE TIME
ALLOWED FOR DEBTOR TO FILE A REAFFIRMATION AGREEMENT**

BEFORE ME, the undersigned authority, on this date personally appeared Amy B. Ames, a person whose identity is known to me, who after being first duly sworn by me, declared and stated as follows:

"I am an attorney for the above-referenced Debtors, Matthew Lee Choate and Madison Sue Rogge. I further declare the Resolve Law Group, a registered dba of The Price Law Group, A.P.C., and I, as attorney, represented the Debtors in their chapter 7 bankruptcy case. I have read the foregoing Debtors' Expedited Motion to Reopen to Extend Time Allowed for Debtors to File a Reaffirmation Agreement, and the statements contained therein are true and correct to the best of his knowledge, information, and belief."

_____
Amy B. Ames

SUBSCRIBED AND SWORN TO BEFORE ME by Amy B. Ames, on the 18th day of June, 2024, to certify which witness my hand and seal of office.

BLAKE BELL
Notary Public, State of Texas
Comm. Expires 02-19-2028
Notary ID 134769115

_____
Notary Public in and for the
State of Texas

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 24-30878 |
| Matthew Lee Choate and | § | |
| Madison Sue Rogge | § § | Chapter 7 |
| Debtor(s) | § § | |

**ORDER GRANTING EXPEDITED MOTION TO REOPEN
CHAPTER 7 CASE TO EXTEND THE TIME
ALLOWED FOR DEBTOR TO FILE A REAFFIRMATION AGREEMENT**

ON THIS DATE, the Court considered the Debtors' Expedited Motion to Reopen to Extend Time Allowed for Debtors to File a Reaffirmation Agreement (the "Motion") filed in the above-referenced case. After considering the motion and the record before the Court, the Court finds that just cause exists for entry of this Motion.

The Court finds that on February 29, 2024, Matthew Lee Choate and Madison Sue Rogge ("Debtors") filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court, Southern District of Texas, Houston Division, styled as Case No. 24-30878.

The Court further finds that there is good cause to reopen the case and extend time for the Debtors to file a reaffirmation agreement.

IT IS THEREFORE ORDERED that the Debtors' Motion is granted, and the above referenced case shall be reopened for the limited purpose of allowing Debtor to file a reaffirmation agreement with Idaho Housing & Finance Association.